Steven CANCINO, et al., Plaintiffs,

v.

YAMAHA MOTOR CORP., U.S.A., Defendant.

No. 3:04cv274.

United States District Court, S.D. Ohio, Western Division.

Sept. 26, 2005.

John Allan Smalley, Kenneth J. Ignozzi, Dyer Garofalo Mann & Schultz, Toby K. Henderson, Michael Patrick Moloney, Sebaly Shillito & Dyer, Dayton, OH, for Plaintiffs.

Charles Joseph Faruki, Faruki Ireland & Cox Pll, Dayton, OH, David P. Murray, Willkie Farr & Gallagher LLP, Washington, DC, for Defendant.

## DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO REMAND (DOC. # 19); FURTHER PROCEDURES ESTABLISHED; CONFERENCE CALL SET

RICE, District Judge.

This litigation arises out of a recall notice Defendant issued to purchasers of certain motorcycles it had manufactured. Plaintiffs allege that Defendant indicated therein that those motorcycles were seriously defective and that they cannot be operated without risk of serious injury or death. Plaintiffs brought this action, as a putative class action, in the Montgomery County Common Pleas Court, from whence the Defendant has removed it. In its Notice of Removal (Doc. # 1), Defendant has alleged that this Court can exercise subject matter jurisdiction over this matter, on the basis of diversity of citizenship. *See* 28 U.S.C. § 1441 (providing that, subject to exceptions which are not relevant, a District Court has removal jurisdiction over cases for which it would have had original jurisdiction); 28 U.S.C. § 1332(a) (providing that a District Court has original jurisdiction over a lawsuit between citizens of different states when the amount-in-controversy, exclusive of interest and costs, exceeds $75,000).

■ This case is now before the Court on the Plaintiffs' Motion to Remand (Doc. # 19). Therein, Plaintiffs argue that this Court must remand this matter, because it is without subject matter jurisdiction over this litigation. In particular, Plaintiffs contend that the requisite amount-in-controversy has not been met, since they are seeking to recover damages in an amount less than $75,000.[1] Not surprisingly, the Defendant does not agree. As a means of analysis, the Court will initially set forth the general standards it must apply, whenever a plaintiff requests that it remand an action which had been removed on the basis of diversity jurisdiction.[2]

■ The party seeking to litigate in federal court bears the burden of establishing the existence of subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This is no less true where, as here, it is the defendant, rather than the plaintiff, who seeks the federal forum. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–

---

1. Plaintiffs do not question that diversity of citizenship exists between the parties.

2. Parenthetically, the Court notes that Congress recently enacted a statute which expands the diversity jurisdiction of federal courts over certain class actions. *See* P.L. 109–2, 119 Stat. 4. That statute does not, however, apply to the question of whether this Court can exercise diversity jurisdiction over this putative class action, given that it applies only to civil actions commenced after its effective date, February 18, 2005. Plaintiffs initiated this litigation in June, 2004.

54 (6th Cir.1996). When the party asserting subject matter jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn,* 532 F.2d 554, 560 (6th Cir.1976). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993). In *Armbruster v. Quinn,* 711 F.2d 1332, (6th Cir.1983), the Sixth Circuit held that, when a District Court resolves the issue of its subject matter jurisdiction based upon the parties' written submissions, the party having the obligation of demonstrating such jurisdiction "should be required only to make a prima facie case of jurisdiction, that is, he need only demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Id.* at 1335 (internal quotation marks and citation omitted).[3]

■ As an initial matter, the United States Supreme Court recently held that the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits the exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy minimum amount-in-controversy requirement, as long as at least one named plaintiff satisfies that requirement. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Therefore, this Court must decide whether the Defendant has proved by the preponderance of the evidence that one of the named Plaintiffs has satisfied that requirement.

To meet its burden, Defendant relies exclusively upon what it terms to be admissions, which are set forth in Plaintiffs' original Complaint.[4] In other words, the Defendant has not submitted any other evidence to substantiate its assertion that the amount-in-controversy exceeds $75,000. In particular, Defendant relies upon Plaintiffs' claims under the Ohio Consumer Sales Practices Act ("OCSPA"), § 1345.01, *et seq.,* of the Ohio Revised Code, and the Ohio Deceptive Trade Practices Act ("ODTPA"), § 4165.01, *et seq.,* of the Ohio Revised Code. With respect to the damages they are entitled to recover pursuant to their claim under the OCSPA, the Plaintiffs allege:

> 100. As such, Plaintiffs are entitled to an amount to be proven at trial, which is believed to be in excess of $25,000, but believed to be less than $75,000, for each Plaintiff. Such damages are comprised of, *inter alia:* compensation for the lost use of their bargained-for motorcycles; all incidental and consequential damages incurred, including, but not limited to, financing fees, insurance premiums, state motor-vehicle licensure fees, taxes, and storage costs; treble damages; and attorney's fees and costs for brining the instant action.

Plaintiffs' Complaint at ¶ 100. Plaintiffs' original Complaint contains a virtually identical request for relief for their claim under the ODTPA. *Id.* at ¶ 108. According to Defendant, the allegations in ¶¶ 100 and 108 of Plaintiff's Complaint constitute an admission by them that the compensatory damages for their claims are worth more than $25,000. Given that Plaintiffs are also seeking treble damages, Defendant's argument continues, the amount-in-controversy exceeds $75,000.

Plaintiffs argue that, since they are the masters of their complaint, the Court must resolve the parties' dispute concerning the

---

3. In *Armbruster,* the plaintiff had brought the matter in federal court, after which the defendant had moved to dismiss it for lack of subject matter jurisdiction.

4. A copy of that pleading is attached to Defendant's Notice of Removal (Doc. # 1).

amount-in-controversy by referring to the allegations in their Amended Complaint, which was filed *before* this matter was removed, rather than those set forth in their original Complaint.[5] Plaintiffs point out that, with their amended pleading, they have modified the damages allegations for their claims under the OCSPA and the ODTPA, to allege that they were entitled to an amount of damages to be proven at trial which is "believed to be less than $75,000." Plaintiffs' Amended Complaint at ¶¶ 133 and 141. In their amended pleading, Plaintiffs continue to claim that they are entitled to recover treble damages under both of those statutes. *Id.* Plaintiffs argue that the Defendant has failed to meet its burden of proving, by the preponderance of the evidence, that the amount-in-controversy exceeds $75,000, since they have alleged in their Amended Complaint that they believe they are entitled to recover less than $75,000 and the Defendant has failed to present any evidence that their claims are worth more.

■ The first question for the Court to resolve is what is the effect of the allegations in Plaintiffs' original Complaint. Defendant contends that the allegations in Plaintiffs' initial pleading constitute evidentiary admissions by them, which this Court may consider when deciding whether it has met its burden of proof. The Court agrees with Defendant that the allegations in Plaintiffs' original Complaint constitute admissions against them, which this Court can consider when deciding whether the Defendant has met its burden

concerning the amount-in-controversy. For instance, in *Shell v. Parrish*, 448 F.2d 528 (6th Cir.1971), the Sixth Circuit said that the allegations in the plaintiff's original complaint, which had been superseded by an amended complaint, constituted admissions against him. *Id.* at 530. *See also, Pennsylvania R.R. v. City of Girard*, 210 F.2d 437, 440 (6th Cir.1954) (noting that "pleadings withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed"). Therefore, the Plaintiffs have admitted that the compensatory damages aspect of their claims under the OCSPA and the ODTPA exceed $25,000.

Of course, the Defendant's burden is to prove, by the preponderance of the evidence, that the amount-in-controversy of at least one named Plaintiff exceeds $75,000. To move from an amount that exceeds $25,000, to one that exceeds $75,000, Defendant relies upon the allegations in Plaintiffs' original and Amended Complaints, requesting an award of treble damages, for their claims under those two statutes. In response, Plaintiffs argue that the Court cannot consider their requests for treble damages, when determining the Defendant has met its burden, effectively arguing that such relief is not available under those statutes.[6] In support of their assertion in that regard, Plaintiffs point to this Court's decision in *Reedy v. Phillips Electronics N.V.*, Case No. C–3–97–231 (S.D.Ohio), wherein it concluded that treble damages are not available in class actions under the OCSPA and

---

**5.** A copy of Plaintiffs' Amended Complaint is appended to Defendant's Notice of Removal (Doc. # 1).

**6.** It is seemingly somewhat disingenuous for Plaintiffs to allege, in their initial and amended pleadings in a putative class action, that they are entitled to recover treble damages

under the OCSPA and, then, because they do not want to litigate their claims in this Court, arguing in effect, that treble damages cannot be considered when deciding whether the requisite amount-in-controversy has been established, because such damages are not available in a class action.

the ODTPA and that, therefore, such damages could not be considered when deciding whether the removing defendant had met its burden concerning the amount-in-controversy. As an initial matter, *Reedy* is distinguishable, because the plaintiffs therein had not alleged that they were entitled to recover treble damages; rather, the defendant had adverted to the availability of same in its notice of removal. Thus, therein, this Court did not apply the legal certainty rule, under which it must appear to a legal certainty that a plaintiff incorrectly alleged that he can recover a type of relief on a claim, before that allegation can be ignored when determining whether the amount-in-controversy has been met. *See Kovacs v. Chesley,* 406 F.3d 393 (6th Cir.2005).

However, even if *Reedy* were not distinguishable, a recent amendment to Rule 23 of the Federal Rules of Civil Procedure causes this Court to conclude that *Reedy* is no longer persuasive with respect to the question of whether it can consider the Plaintiffs' request for treble damages under the OCSPA. Therein, this Court held that treble damages under that statute could not be considered in determining whether the defendant had met its burden of proof concerning the amount-in-controversy in a putative class action, because the OCSPA prohibits the award of such damages in a class action, although treble damages can be recovered in other actions under that statute. *See* Ohio Rev.Code § 1345.09(B). Rule 23(e) of the Federal Rules of Civil Procedure sets forth limitations on the ability of a class representative to settle a class action. The 2003

amendment to that Rule expressly provides that the limitation applies only after the matter has been certified. Applying the logic of that amendment herein, it would be inappropriate to refuse to consider the Plaintiffs' allegations concerning the availability of treble damages, since this action has not been certified as a class action and may never be so certified. Therefore, nothing has yet occurred to alter the Plaintiffs' ability to recover treble damages for their claim under the OCSPA.

Consequently, in determining whether the Defendant has met its burden of proving, by the preponderance of the evidence, that the amount-in-controversy exceeds $75,000, the Court trebles an amount in excess of $25,000, the value of each Plaintiffs' request for compensatory damages for their claim under the OCSPA, which is established by the admission in Plaintiffs' original complaint. Therefore, the Court concludes that the Defendant has met its burden in that regard.

Based upon the foregoing, the Court overrules Plaintiffs' Motion to Remand (Doc. # 19).[7] Within 30 days from date, the parties must file a jointly prepared, proposed case management order. Such an order must identify the areas in which the parties are in agreement and, with respect to their disagreements, Plaintiffs and Defendant must both identify their or its proposed resolution. The Court schedules a telephone conference call on Wednesday, November 2, 2005, at 8:30 a.m. During that conference call, the Court and counsel will resolve the areas of their disagreement concerning a case management

---

7. In their Supplemental Memorandum (Doc. # 34), Plaintiffs cite *DaWalt v. Purdue Pharma, L.P.,* 397 F.3d 392 (6th Cir.2005). That decision is inapplicable to the present dispute, since the Sixth Circuit merely held therein that the District Court's order of remand was not subject to appellate review, as a result of the prohibition on such review contained in 28 U.S.C. § 1447(d).

order and set a trial and other dates leading to the resolution of this litigation.